# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Dovgan*, 2011 IL App (3d) 100664

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. IGORIS DOVGAN, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-10-0664 |
| Filed | December 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court improperly relied on section 6-500 of the Uniform Commercial Driver's License Act, which requires an alcohol test to be administered within two hours of the driver being "stopped or detained," in granting defendant commercial truck driver's motion to suppress the results of a breath test administered 4½ hours after his arrest, since defendant was charged under the Illinois Motor Carrier Safety Law, not the Uniform Commercial Driver's License Act, and section 6-500 was inapplicable to his prosecution. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-CF-1359; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Laura E. DeMichael, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| --- | --- |
| | No brief filed for appellee. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion. Justice Wright concurred in the judgment and opinion. Justice Holdridge specially concurred, with opinion. |

## OPINION

¶ 1    The State charged defendant, Igoris Dovgan, with two counts of aggravated driving under the influence in violation of sections 18b-103, 18b-105 and 18b-108(b) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/18b-103, 18b-105, 18b-108(b) (West 2008)). The circuit court of Will County granted defendant's motion to suppress evidence of a breath test administered 4½ hours after defendant's arrest. The State appeals.

¶ 2                                        FACTS

¶ 3    The facts of this matter were not disputed below. Trooper Korando arrived on the scene of a traffic crash on Interstate 80 at 9:48 a.m. on May 11, 2009. The crash involved a commercial motor vehicle driven by defendant. Upon arrival, Trooper Korando placed defendant under arrest. The arresting trooper remained at the scene of the accident for an extended period of time. The trooper administered a breath test to defendant at 2:35 p.m., which indicated defendant's blood alcohol content to be 0.032.

¶ 4    The bill of indictment alleged:

"Count I

*** [D]efendant, a commercial motor vehicle driver, willfully operated a commercial motor vehicle *** at a time when he had a measured alcohol concentration in his blood or breath, based on the definition of blood or breath units in Chapter 625, Section 11-501.2, as prohibited by 49 CFR 392.5, in violation of Chapter 625, Section 5/18b-103, Section 5/18b-105 and section 5/18b-108(b) of the Illinois Compiled Statutes ***.

Count II

*** [D]efendant, a commercial motor vehicle driver, willfully operated a commercial motor vehicle *** at a time when he had a detectable presence of alcohol on his person, as prohibited by 49 CFR 392.5, in violation of Chapter 625, Section 5/18b-103, Section

5/18b-105 and section 5/18b-108(b) of the Illinois Compiled Statutes ***."

¶ 5    Defendant filed a motion to suppress, claiming that the State administered his alcohol test outside the two-hour time limit imposed by section 6-500 of the Vehicle Code. 625 ILCS 5/6-500 (West 2008). As such, defendant claimed the results of the tests were inadmissible. After originally rejecting defendant's argument, the trial court granted defendant's motion to suppress. Following denial of its motion to reconsider, the State filed a certificate of substantial impairment. This appeal followed.

¶ 6                                    ANALYSIS

¶ 7    When reviewing a trial court's ruling on a motion to suppress evidence, we apply the two-part standard of review adopted by the Supreme Court in *Ornelas v. United States*, 517 U.S. 690 (1996); *People v. Luedemann*, 222 Ill. 2d 530 (2006). We are to review a trial court's findings of historical fact for clear error, give due weight to any inferences drawn from those facts by the trial court and reverse those findings only if they are against the manifest weight of the evidence. *Id.* at 542. However, we remain free to undertake our own assessment of the facts in relation to the issues and draw our own conclusions when deciding what relief should be granted. *Id.* As such, we review *de novo* the trial court's ultimate legal ruling as to whether suppression is warranted. *Id.*

¶ 8    Contained within the Vehicle Code are numerous different rules, laws and acts. See 625 ILCS 5/18b-100 *et seq.* (West 2008) (Illinois Motor Carrier Safety Law (IMCSL)); 625 ILCS 5/18c-1101 *et seq.* (West 2008) (Illinois Commercial Transportation Law); 625 ILCS 5/11-100 *et seq.* (West 2008) (the Rules of the Road); 625 ILCS 5/6-500 *et seq.* (West 2008) (the Uniform Commercial Driver's License Act (UCDLA)). At issue in this appeal is section 6-500, which states as follows:

"Notwithstanding the definitions set forth elsewhere in this Code, for purposes of the Uniform Commercial Driver's License Act (UCDLA), the words and phrases listed below have the meanings ascribed to them as follows:

***

(2) Alcohol concentration. 'Alcohol concentration' means:

(A) the number of grams of alcohol per 210 liters of breath; or

(B) the number of grams of alcohol per 100 milliliters of blood; or

(C) the number of grams of alcohol per 67 milliliters of urine.

Alcohol tests administered within 2 hours of the driver being 'stopped or detained' shall be considered that driver's 'alcohol concentration' for the purposes of enforcing this UCDLA." 625 ILCS 5/6-500 (West 2008).

¶ 9    Defendant convinced the trial court that this section of the UCDLA mandated suppression of the results of his breath test conducted beyond two hours after he had been stopped or detained. The State argued to the trial court that it never charged defendant with violating the UCDLA and, as such, section 6-500 is totally inapplicable to defendant's prosecution. The State noted that it alleged defendant operated a commercial motor vehicle in violation of the IMCSL (625 ILCS 5/18b-100 *et seq.* (West 2008)): specifically, sections

18b-103, 18b-105, and 18b-108. The State reiterates those arguments on appeal, claiming the trial court erred in using a section of the UCDLA as authority to suppress evidence in a prosecution initiated under the IMCSL. Alternatively, the State asserts that even if section 6-500 of the UCDLA is applicable to this matter, proper application of the statute does not mandate suppression of the results of defendant's breath test.

¶ 10    Defendant has not filed a responsive brief in this matter and, as such, we review this appeal pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976) (see also *People v. Miller*, 212 Ill. App. 3d 195 (1991)). The *Talandis* court held that reversal should not be automatic when an appellee fails to file a brief but, instead, when the record is simple and the claimed error is such that the reviewing court can easily decide the matter without the aid of an appellee's brief, the court should decide the merits of the appeal. *Talandis*, 63 Ill. 2d at 133; *Miller*, 212 Ill. App. 3d at 199. If a case is complex, a court of review should not be compelled to serve as an advocate for the appellee. *Talandis*, 63 Ill. 2d at 133; *Miller*, 212 Ill. App. 3d at 199. We find this matter is not complex and that it can be decided without the aid of defendant's brief.

¶ 11    As noted above, both the UCDLA and the IMCSL are found within the Vehicle Code. 625 ILCS 5/1-100 *et seq.* (West 2008). Our task of determining whether the trial court properly suppressed the results of defendant's breath test calls upon us to interpret statutes contained within the Vehicle Code. Specifically, we must determine how section 6-500 of the UCDLA applies, if it applies at all, to someone charged under the IMCSL.

¶ 12    The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent, while presuming the legislature did not intend to create absurd, inconvenient, or unjust results. *In re E.B.*, 231 Ill. 2d 459 (2008); *In re B.L.S.*, 202 Ill. 2d 510 (2002). The language of the statute is the best indication of legislative intent, and we must give that language its plain and ordinary meaning. *Id.* at 515. "Because all provisions of a statutory enactment are viewed as a whole [citations], words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute [citations]. *** Accordingly, in determining the intent of the legislature, the court may properly consider not only the language of the statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved." *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002).

¶ 13    We acknowledge, as defendant argued to the trial court, that section 6-500 of the UCDLA defines "alcohol concentration" as that which results from a breath test administered within two hours of a driver being stopped or detained. 625 ILCS 5/6-500 (West 2008). However, that definition begins by noting it is limited by "the definitions set forth elsewhere in this Code" and further only applies "for the purposes of enforcing [the] UCDLA." 625 ILCS 5/6-500 (West 2008).

¶ 14    Through section 18b-105 of the IMCSL, the legislature adopted various provisions of the Code of Federal Regulations. 625 ILCS 5/18b-105(b) (West 2008). Section 18b-105(b) states that the "following parts of Title 49 of the Code of Federal Regulations, as now in effect, are hereby adopted by reference as though they were set out in full: *** Part 382–Controlled Substances and Alcohol Use and Testing; *** Part 392–Driving of Motor Vehicles." 625

ILCS 5/18b-105(b) (West 2008).

¶ 15 Part 382 states:

"Alcohol concentration (or content) means the alcohol in a volume of breath expressed in terms of grams of alcohol per 210 liters of breath as indicated by an evidential breath test under this part." 49 C.F.R. § 382.107 (2010).

¶ 16 Section 392.5(a)(1) prohibits any driver from using alcohol "within 4 hours before going on duty or operating, or having physical control of, a commercial motor vehicle." 49 C.F.R. § 392.5(a)(1). Section 392 further states that "no driver shall *** [u]se alcohol *** or have any measured alcohol concentration or detected presence of alcohol, while on duty, or operating, or in physical control of a commercial motor vehicle." 49 C.F.R. § 392.5(a)(2).

¶ 17 We find nothing in either part 382 or part 392 of title 49 of the Code of Federal Regulations that limits the definition of "alcohol concentration" to results from tests administered within two hours of the driver being stopped or detained as is found within section 6-500 of the UCDLA. We note the definition of "alcohol concentration" found in section 382.107 of title 49 of the Code of Federal Regulations contains no time limitation whatsoever. 49 C.F.R. § 382.107. The definition of "alcohol concentration" found within the IMCSL, under which the State charged defendant, differs from that contained within the UCDLA. Again, our legislature was clear in its language that the definition of "alcohol concentration" found in section 6-500 of the UCDLA only applies "for the purposes of enforcing [the] UCDLA" and does not trump "the definitions set forth elsewhere in this Code." 625 ILCS 5/6-500 (West 2008).

¶ 18 As the State did not charge defendant under the UCDLA but, instead, charged him under the IMCSL, which contains a competing definition of "alcohol concentration," we hold as a matter of law that section 6-500 of the UCDLA is inapplicable to this prosecution. As such, we find the trial court improperly relied upon section 6-500 (625 ILCS 5/6-500 (West 2008)) as authority to suppress the results of defendant's breath test.

¶ 19 Courts have routinely held the timing of a breath exam goes to the weight of the test and not its admissibility. *People v. Zator*, 209 Ill. App. 3d 322, 332 (1991) ("Illinois law is well settled that any delay between the time of the incident and the breathalyzer test goes to the weight given the results, viewed in light of the totality of the circumstances."). While we may one day be called upon to determine whether and how section 6-500 alters that general principal, today is not that day.

¶ 20                                           CONCLUSION

¶ 21 For the foregoing reasons, the judgment of the circuit court of Will County is reversed and this matter remanded for further proceedings.


¶ 22 Reversed and remanded.


¶ 23 JUSTICE HOLDRIDGE, specially concurring:

¶ 24 I agree with the majority's judgment and analysis. I write separately to note that, even if

-5-

the results of the breath test were properly suppressed, the State likely could have proceeded against the defendant on count II of the indictment based entirely on the testimony of the arresting officer. Count II alleged that the defendant "willfully operated a commercial motor vehicle *** at a time when he had a *detectable presence of alcohol on his person*, as prohibited by 49 CFR 392.5," which the Illinois Motor Carrier Safety Law adopts by reference. See 625 ILCS 5/18b-105 (West 2008). During the bond hearing, the State informed the court that the arresting officer "noted an odor of alcohol on the defendant's breath" immediately after the accident. If the officer were able to testify to that effect, such testimony alone could establish that the defendant operated a commercial motor vehicle at a time when he had a "detectable presence of alcohol on his person," in violation of section 18b-105.