# Illinois Official Reports

## Supreme Court

---

### *People v. Geiler*, 2016 IL 119095

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHRISTOPHER M. GEILER, Appellee. |
| Docket No. | 119095 |
| Filed | July 8, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Madison County; the Hon. Elizabeth L. Levy, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Thomas D. Gibbons, State's Attorney, of Edwardsville (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Joshua M. Schneider, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | Christopher M. Geiler, appellee *pro se*. |
| Justices | JUSTICE KILBRIDE delivered the judgment of the court, with opinion. |
| | Justices Thomas, Karmeier, and Theis concurred in the judgment and opinion. |
| | Justice Burke specially concurred, with opinion, joined by Chief Justice Garman and Justice Freeman. |

**OPINION**

¶ 1    In this case, the circuit court of Madison County dismissed the defendant's traffic citation based on a violation of Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002), requiring the arresting officer to transmit specified portions of the citation to the circuit court clerk within 48 hours after the arrest. The appellate court affirmed, holding that when, as here, there is a pattern of a clear and consistent violation of Rule 552, the trial court may dismiss a citation without considering whether the defendant was prejudiced by the violation. 2015 IL App (5th) 140423. For the following reasons, we reverse the judgments of the circuit and appellate courts and remand to the circuit court for further proceedings.

¶ 2                                           BACKGROUND

¶ 3    On May 5, 2014, defendant Christopher M. Geiler received a traffic citation from a city of Troy police officer for driving 80 miles per hour in a 65-mile-per-hour speed zone. The citation was filed with the Madison County circuit court clerk's office on May 9, 2014. Defendant filed a motion to dismiss the citation, claiming it was not transmitted to the circuit court clerk within 48 hours after it was issued, as required by Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002).

¶ 4    At the motion hearing, the trial court noted that defendant submitted "a stack of tickets" issued by the city of Troy. The report of proceedings indicates those tickets were marked as defendant's Exhibit A and admitted into evidence, but the exhibit was not included with the record on appeal. The State described the exhibit in its subsequent motion to reconsider, stating "of the (50) tickets that Defendant submitted into evidence, almost half of them were filed within the 48 hours."

¶ 5    The State called city of Troy police detective Todd Hays, who testified that after a citation is issued, it is placed in a secure box in the dispatch office. On Mondays and Fridays, a supervisor would remove the citations from the box, review and record them on bond sheets, and deliver them to the Madison County courthouse. Hays estimated there were between 30 and 50 citations filed each Monday and Friday. He testified it was not "physically possible" to transport the citations to the courthouse every day.

¶ 6    When asked by defendant if he was familiar with Rule 552, Detective Hays responded, "I am now." He testified the rule "states that the tickets should be up within 48 hours." Detective Hays did not read the rule as "a mandate," but a "decision that if you can get them up in 48 hours, if possible, that's the way it should be." Detective Hays testified that citations issued over the weekend were delivered to the circuit court clerk on Monday and the ones issued during the week were delivered on Friday. He acknowledged that citations issued on Tuesday would not be filed with the circuit court clerk until Friday.

¶ 7    The trial court determined that the evidence showed "a clear and consistent violation of Rule 552 and not an inadvertent action." Accordingly, dismissal of the traffic citation was warranted based on Rule 552 and *People v. Hanna*, 185 Ill. App. 3d 404 (1989). The trial court also denied the State's motion to reconsider.

¶ 8    On appeal, the appellate court explained that, under *Hanna*, dismissal of a citation is warranted if there is "a pattern of clear and consistent violation of Rule 552." 2015 IL App (5th) 140423, ¶ 11. If a clear and consistent pattern is present, the court may dismiss a citation

without considering whether the violation prejudiced the defendant or impaired the circuit court's management of its docket. 2015 IL App (5th) 140423, ¶ 13. The appellate court concluded that the trial court did not err in dismissing the citation in this case based on a clear and consistent violation of Rule 552. 2015 IL App (5th) 140423, ¶ 14. The trial court's judgment was, therefore, affirmed. 2015 IL App (5th) 140423, ¶ 16.

¶ 9    We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 10                              ANALYSIS

¶ 11    Illinois Supreme Court Rule 552 governs processing of uniform tickets and provides, in pertinent part:

> "The arresting officer shall complete the form or ticket and, within 48 hours after the arrest, shall transmit the portions entitled 'Complaint' and 'Disposition Report' and, where appropriate, 'Report of Conviction,' either in person or by mail, to the clerk of the circuit court of the county in which the violation occurred."

¶ 12    Rule 552 clearly imposes an obligation requiring the arresting officer to transmit the specified portions of the ticket to the circuit court clerk "within 48 hours after the arrest." In this case, the record establishes that defendant received his speeding ticket on May 5, 2014, and it was not transmitted to the circuit court clerk until May 9, 2014. The State acknowledges that the citation was issued on a Monday and was not transmitted to the circuit court clerk until four days later on the following Friday. Thus, there is no dispute that the 48-hour requirement in Rule 552 was violated in this case. Rather, the issue is the appropriate consequence for the Rule 552 violation.

¶ 13    The State contends that the timing requirement in Rule 552 is directory, and, therefore, dismissal of a citation is not warranted unless noncompliance with the rule prejudices the defendant. The State maintains the appellate court's holding—that a citation may be dismissed if a Rule 552 violation is "part of a pattern of clear and consistent violation of the rule"—is contrary to this court's decisions requiring a showing of prejudice to the defendant to support dismissal. The State concludes the trial court erred in dismissing the citation in this case because there is no evidence or allegation that defendant was prejudiced by the two-day delay in transmitting the citation to the circuit court clerk.

¶ 14    Defendant responds that the trial court did not err in finding a clear and consistent violation of Rule 552 and the citation was, therefore, correctly dismissed based upon the appellate court's decision in *Hanna*. Defendant contends that the trial court did not abuse its discretion in dismissing the citation because the Troy police department's clear and consistent violation of Rule 552 caused an injury to the public interest.

¶ 15    We note that defendant, appearing *pro se*, performed well in presenting his argument, both in his brief to this court and in his oral argument. Defendant reasonably relied upon the appellate court's decision in *Hanna* to support his argument that the citation should be dismissed based on a clear and consistent violation of Rule 552. His argument, nevertheless, must be rejected given this court's established precedent holding that a charge may not be dismissed based on the violation of a directory rule absent a showing of prejudice to the defendant from the violation. *People v. Ziobro*, 242 Ill. 2d 34, 44-45 (2011); *People v. Delvillar*, 235 Ill. 2d 507, 522 (2009); *People v. Robinson*, 217 Ill. 2d 43, 57 (2005).

¶ 16   This court has consistently relied on the mandatory-directory distinction to determine the consequences of a failure to fulfill an obligation. *Ziobro*, 242 Ill. 2d at 43; *Delvillar*, 235 Ill. 2d at 516; *Robinson*, 217 Ill. 2d at 52. The mandatory-directory distinction " 'denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating' " a governmental action. *Robinson*, 217 Ill. 2d at 51-52 (quoting *Morris v. County of Marin*, 559 P.2d 606, 611 (Cal. 1977) (*en banc*)).

¶ 17   Whether an obligation is mandatory or directory is a question of construction subject to *de novo* review. *Robinson*, 217 Ill. 2d at 54. The principles of statutory construction also apply to interpreting our supreme court rules. *People v. Salem*, 2016 IL 118693, ¶ 11. In construing a statute or rule, our primary objective is to ascertain and give effect to the drafters' intent. *In re Q.P.*, 2015 IL 118569, ¶ 14. The drafters' intent is best indicated by the language of a statute or rule, given its plain and ordinary meaning. *Salem*, 2016 IL 118693, ¶ 11.

¶ 18   We presume that procedural commands to governmental officials are directory. *Delvillar*, 235 Ill. 2d at 517. The presumption is overcome and a provision is mandatory only if (1) negative language in the statute or rule prohibits further action in the case of noncompliance or (2) the right the statute or rule is designed to protect would generally be injured under a directory reading. *Delvillar*, 235 Ill. 2d at 517.

¶ 19   Rule 552 simply provides that the arresting officer shall complete the form or ticket and transmit it to the circuit court clerk within 48 hours after the arrest. The rule does not specify any consequence for a violation of the timing requirement or contain any negative language prohibiting prosecution or further action in the case of noncompliance. Accordingly, the "negative language" exception does not apply here.

¶ 20   As for the second exception, we must first determine the right Rule 552 is designed to protect. Rule 552 is part of article V of the supreme court rules. The rules in article V relate to trial court procedures in traffic and conservation cases, ordinance violations, petty offenses, and certain misdemeanors. Rule 552 provides for uniformity of citation forms and ensures they are processed by the trial court in a timely and efficient manner. Our appellate court has held that article V was adopted "to ensure judicial efficiency and uniformity as well as 'to expedite the handling of traffic cases.' " *Hanna*, 185 Ill. App. 3d at 408 (quoting *People v. Roberts*, 113 Ill. App. 3d 1046, 1050 (1983)). We agree with our appellate court that Rule 552 is designed to ensure judicial efficiency and uniformity in processing citations.

¶ 21   We do not believe judicial efficiency or uniformity in processing tickets will generally be injured under a directory reading of the rule. While the Troy police department violated Rule 552 in this case and several others, the record shows only a two-day delay in transmitting the citations and there is no evidence that those violations impaired the trial court's management of its docket.

¶ 22   Additionally, there is no indication that violation of the rule will ordinarily prejudice the rights of a defendant. In *Robinson*, 217 Ill. 2d at 57, this court concluded that a postconviction petitioner's right to appeal would not ordinarily be prejudiced by the violation of a statute requiring service of the order of dismissal within 10 days of its entry. We observed that, in many cases, the right to appeal would be unaffected by untimely service because a petitioner is allowed 30 days after dismissal to complete the simple act of preparing and filing a notice of appeal. Accordingly, while a postconviction petitioner's right to appeal may be injured by

untimely service in a particular case, there was no reason to believe that would generally be the case. *Robinson*, 217 Ill. 2d at 57.

¶ 23 Similarly, a defendant may be prejudiced by a Rule 552 violation if there is a lengthy delay in transmitting a citation in a given case, but no reason exists to believe that would generally be true. Under Illinois Supreme Court Rule 504 (eff. Jan. 1, 1996), a defendant's first appearance on a traffic citation must be set between 14 and 60 days after the arrest, whenever practicable. Thus, even if a citation is not transmitted to the circuit court clerk within 48 hours after the arrest as required by Rule 552, the citation may still be filed before the defendant's first court appearance and the defendant would be unaffected by the delay in transmitting the citation. We conclude that a violation of Rule 552 will not generally impede the trial court in processing citations or prejudice a defendant's rights and, therefore, it does not require an exception to the rule that procedural commands to governmental officials are directory. See also *Delvillar*, 235 Ill. 2d at 518-19 (holding that although an individual defendant's right to waive a jury trial and enter a guilty plea intelligently may be injured by the failure to give a statutory admonishment about potential immigration consequences, that right "will not necessarily be harmed in the absence of the admonishment").

¶ 24 Accordingly, neither of the exceptions to the presumption of a directory reading applies to Rule 552. Rule 552 is, therefore, directory, and no specific consequence is triggered by noncompliance. The Troy police department's failure to transmit defendant's citation to the circuit court clerk within 48 hours in violation of Rule 552 does not result in automatic dismissal of the citation. See *Ziobro*, 242 Ill. 2d at 43. Although automatic dismissal of a citation is not an appropriate consequence for a violation of Rule 552, a defendant may still be entitled to relief if he can demonstrate he was prejudiced by the violation. See *Ziobro*, 242 Ill. 2d at 44-45; *Delvillar*, 235 Ill. 2d at 522; *Robinson*, 217 Ill. 2d at 57.

¶ 25 In *Ziobro*, we considered whether a citation may be dismissed based on the failure to set a defendant's first court appearance within the 14- to 60-day time period required under Rule 504. In finding Rule 504 is directory, this court concluded that "[a] mere violation of Rule 504 is not sufficient grounds, standing alone, to dismiss charges, as 'violation of the rule would [not] ordinarily cause any injury to public interest or private rights.' " *Ziobro*, 242 Ill. 2d at 45 (quoting *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 268 (1976)). Only after concluding that Rule 504 is directory did this court hold "[a]s such, we find that it was an abuse of the circuit courts' discretion *** to dismiss the charges without requiring a showing of prejudice to the defendant." *Ziobro*, 242 Ill. 2d at 45. Accordingly, consistent with our prior case law, this court held a defendant must show he was prejudiced to be entitled to relief for violation of a directory rule. *Ziobro*, 242 Ill. 2d at 45.

¶ 26 In this case, there is no evidence that the two-day delay in transmitting the citation to the circuit court clerk prejudiced defendant, nor does defendant make that contention. The citation was issued on May 5, 2014, and filed four days later on May 9, 2014. Defendant's first court appearance was set for June 11, 2014, over a month after the citation was filed by the circuit court clerk. There is no indication that defendant was prejudiced in presenting his defense by the two-day delay in transmitting the citation. Accordingly, we conclude that defendant was not prejudiced by the violation of Rule 552. Defendant does not require a remedy because he was not prejudiced by the rule violation. See *Robinson*, 217 Ill. 2d at 60 (holding "petitioner

requires no remedy because he was not prejudiced by" the two-day delay in serving the order dismissing his postconviction petition).

¶ 27    As a final matter, we observe that the record in this case indicates the Troy police department did not violate Rule 552 deliberately but was simply unaware of the rule. When Detective Hays was asked at the motion hearing whether he was familiar with Rule 552, he responded "I am now." Thus, defendant apparently alerted the Troy police department to the existence of the rule. At oral argument, the State assured this court that the Troy police department is now in strict compliance with Rule 552.

¶ 28    Police departments are expected to be aware of and comply with our rules. We have no reason to assume that a police department would deliberately violate Rule 552. Rather, we believe that in most, if not all, cases police departments would react to being informed of Rule 552 in the way the Troy police department responded here, by ensuring strict compliance with the rule.

¶ 29    If we were to confront a case involving deliberate, ongoing violations of Rule 552, the facts may support amending the rule to provide an appropriate response. We do not address the issue here, however, because the facts of this case do not involve either deliberate or ongoing violations.

¶ 30                                      CONCLUSION

¶ 31    For the foregoing reasons, the judgments of the circuit and appellate courts are reversed, and this cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 32    Reversed and remanded.

¶ 33    JUSTICE BURKE, specially concurring:

¶ 34    Relying on *People v. Hanna*, 185 Ill. App. 3d 404 (1989), the appellate court below held that defendant's traffic citation had to be dismissed because the Troy police department failed to transmit the citation to the clerk of the circuit court within 48 hours as required by Illinois Supreme Court Rule 552 (eff. Sept. 20, 2002). The majority reverses the judgment of the appellate court but does not discuss *Hanna* in any detail. I write separately to explain why *Hanna* is inapplicable and why *People v. Ziobro*, 242 Ill. 2d 34 (2011), controls under the facts of this case.

¶ 35    In *Ziobro*, various traffic citations in three different cases were dismissed because the arresting officers violated Illinois Supreme Court Rule 504 (eff. Jan. 1, 1996). Similar to Rule 552, Rule 504 imposes a timing requirement, directing an arresting officer or the clerk of the circuit court to set the first appearance in court for a traffic offense "not less than 14 days but within 60 days after the date of the arrest, whenever practicable." *Id.*

¶ 36    After examining Rule 504, this court concluded that the rule's timing requirement is directory rather than mandatory. This meant, in short, that a violation of the rule does not automatically result in dismissal of a charge. Instead, a defendant is ordinarily required to show prejudice from a violation of the rule to justify dismissal. As *Ziobro* stated: "A mere violation of Rule 504 is not sufficient grounds, standing alone, to dismiss charges, as 'violation of the rule would [not] ordinarily cause any injury to public interest or private rights.' " *Ziobro*,

242 Ill. 2d at 45 (quoting *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 268 (1976)). Accordingly, because the defendants in the case had failed to show prejudice from the rule violations, this court reversed the dismissal of the charges. *Id.*

¶ 37     *Ziobro* addressed only "ordinary" situations involving a "mere violation" of a directory rule. Nothing in *Ziobro* suggested that the police officers' violations of Rule 504 in that case were deliberate and ongoing, rather than inadvertent. *Ziobro* thus said nothing about the consequences that should follow when a directory rule is knowingly and continually violated by a litigant. That issue was addressed, however, in *People v. Hanna*, 185 Ill. App. 3d 404 (1989).

¶ 38     In *Hanna*, the circuit court dismissed two traffic citations because the citations had not been transmitted to the circuit court clerk within the 48 hours required under Rule 552. The appellate court reversed the dismissals, finding, as we do here today, that Rule 552 is directory and that the defendants had failed to show any injury from the rule violations. *Id.* at 409.

¶ 39     However, the appellate court then noted the following:

> "If this court reverses [the dismissals] without directions, it will be condoning a violation of a supreme court rule and will be hindering the trial court's authority to control its docket. On the other hand, if this court affirms the dismissal[s], it will penalize the State on matters over which it has no control while granting an absolute right to dismissal where no such right was intended." *Id.*

To resolve this problem, the appellate court concluded that the proper course was to remand the matter to the circuit court for a hearing to determine if the violations at issue were "part of an ongoing violation of Supreme Court Rule 552." *Id.* As the appellate court explained, since the circuit court has the "authority to control its own docket and enforce supreme court rules," dismissal would be warranted if there were a showing of a "clear and consistent violation of Rule 552." *Id.* at 409-10.

¶ 40     In other words, according to the appellate court, if the circuit court determined on remand that the officers were continuing to deliver citations late—even after being fully informed of Rule 552's timing requirement—the circuit court would have the discretionary authority to dismiss the citations. *Hanna* thus recognized that a circuit court has the discretionary authority to dismiss a traffic citation for violations of a directory rule, even in the absence of prejudice to the defendant, where those violations are knowing and repeated.

¶ 41     This holding is, of course, not only reasonable, but necessary. Our courts must be able to say to a litigant who is continually and deliberately violating a rule, "You cannot avail yourself of the court system if you refuse to abide by our rules." Otherwise, our rules are not directives that carry the force of law, they are mere suggestions.

¶ 42     Thus, under the principles of *Ziobro* and *Hanna*, a complaining party will ordinarily be required to show prejudice from the violation of a directory rule, such as Rule 552, to obtain relief. However, the circuit court has the discretion to enforce the rule, even when there is no prejudice to the complaining party, if the court finds that the rule is being deliberately and repeatedly violated. This approach preserves the essential directory nature of the rule, allows for any problems caused by an individual litigant to be dealt with on a case-by-case basis, and, most importantly, ensures that the rule can be enforced when needed.

¶ 43     In this case, the record does not establish that the Troy police department was knowingly or deliberately violating Rule 552. Although the department's practice was to deliver its traffic

citations to the circuit court only twice a week, the record shows that this practice occurred only because the department was ignorant of the rule's requirement that citations be transmitted to the circuit court within 48 hours. In addition, at oral argument, the State informed this court that the department has changed its practice and, thus, is no longer in violation of the rule. It is apparent, therefore, that the department was not flouting the authority of the courts. In these circumstances, the concerns of *Hanna* are not implicated. Instead, the ordinary principles governing directory rules set forth in *Ziobro*, which require a showing of prejudice to warrant dismissal of a charge, control. Because defendant has not established prejudice, his traffic citation should not have been dismissed.

¶ 44        For the foregoing reasons, I specially concur.

¶ 45        CHIEF JUSTICE GARMAN and JUSTICE FREEMAN join in this special concurrence.