2021 IL App (1st) 172647-U

SIXTH DIVISION
August 20, 2021

No. 1-17-2647

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | 91 CR 21631 |
| | ) | |
| ANDREW MATTHEWS, | ) | Honorable Lawrence E. Flood, |
| | ) | Judge Presiding. |
| Petitioner-Appellant. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Harris and Oden Johnson concurred in the judgment.

**ORDER**

*Held:* Trial court properly denied petitioner's motion for leave to file a successive postconviction petition despite a three-and-a-half-year delay between the date the motion was docketed and the date it was ruled on. Affirmed.

¶ 1    Petitioner, Andrew Matthews, appeals the denial of his 2014 motion for leave to file a successive postconviction petition challenging his conviction for the first-degree murder of Robert Brown, which took place in 1991. Petitioner argues that his motion was not brought "promptly to the attention of the court" after it was docketed, resulting in a three-and-a-half-year delay in being presented to the court. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      The evidence adduced at petitioner's trial revealed that on August 5, 1991, at approximately 9 p.m., the victim was shot five times while playing basketball in Cooper Park in Chicago. Petitioner was identified as one of two shooters. The victim died from his gunshot wounds. Petitioner was convicted of first-degree murder.

¶ 4      Petitioner filed a *pro se* motion for a new trial, alleging ineffective assistance of trial counsel for failing to call certain witnesses. The motion was denied.

¶ 5      Following a sentencing hearing, the trial court sentenced petitioner to an extended term of 80 years in prison. The trial court found that petitioner's conduct in committing the murder qualified "for the extended term under heinous, that this course of conduct does outrage the senses. It is devoid of mercy."

¶ 6      On direct appeal, petitioner argued that he was denied a fair trial and that the court abused its discretion in sentencing him to an extended term. See *People v. Matthews*, No. 1-93-1889 (unpublished order pursuant to Illinois Supreme Court Rule 23). We affirmed petitioner's conviction and sentence. *Id.*

¶ 7      In 1996, petitioner filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Petitioner argued that his trial counsel failed to present an alibi defense and call witnesses who could testify that petitioner was not at the scene of the crime on the night of the murder. Petitioner did not identify the witnesses or provide affidavits of any witnesses. The petition was summarily dismissed by the trial court. We affirmed the dismissal on appeal. See *People v. Matthews*, No. 1-97-0486 (October 28, 1998) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 8   In 1999, petitioner filed a second *pro se* postconviction petition, alleging ineffective assistance of appellate counsel for failing to investigate an August 5, 1998, affidavit submitted by codefendant Mario Pearrie. Petitioner attached the affidavit which stated that petitioner was "nowhere near" the scene of the shooting. The trial court dismissed the second *pro se* petition as frivolous and patently without merit. It found that the petition was untimely and petitioner failed to show he was not culpably negligent. The trial court noted that the affidavit came before the court six years after petitioner's trial, and that petitioner failed to provide an explanation for the delay in uncovering the statement. The trial court also found that petitioner failed to show that his constitutional rights were violated, or that there was a reasonable likelihood that the affidavit could have changed the outcome of the trial. We affirmed the dismissal of petitioner's second *pro se* postconviction petition on appeal. *People v. Matthews*, 1-00-0555 (September 26, 2003) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 9   On June 14, 2007, petitioner filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), alleging that his sentence was constitutionally void. The trial court *sua sponte* dismissed the section 2-1401(f) petition and petitioner appealed. We affirmed the dismissal on appeal. See *People v. Matthews*, No. 1-07-2993 (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 10   In 2009, petitioner filed a *pro se* motion for leave to file a successive postconviction petition, alleging ineffective assistance of appellate counsel for failing to argue that his sentence was disparate in comparison to his codefendant's sentence. The trial court denied petitioner leave to file a successive postconviction petition. On appeal, we affirmed the denial. See *People v. Matthews*, No. 1-10-2598 (unpublished order pursuant to Illinois Supreme Court Rule 23).

3

¶ 11　On February 21, 2014, petitioner filed a *pro se* motion for leave to file a second successive postconviction petition, alleging ineffective assistance of appellate counsel and raising a claim of actual innocence based on newly discovered evidence. He attached codefendant's 1998 affidavit, as well as an affidavit by Candace Claybrooks, who stated that on August 5, 1991, petitioner was at her house from 7 p.m. to 11 p.m.

¶ 12　On March 4, 2014, the clerk's office docketed the petition and set a hearing date of March 11, 2014. There is no indication from the record that a hearing was held on that date. On July 10, 2017, petitioner filed a *pro se* motion requesting that a hearing on his motion for leave to file a successive postconviction petition be held. In his motion, petitioner stated that he had sent several letters to the clerk's office "seeking a status report on said motion, but he either received no response or he would receive a Certified Statement of Conviction/Disposition, which indicate[d] that his motion for leave had been sitting dormant for three years."

¶ 13　On July 19, 2017, petitioner's motion was presented to the trial court. On August 25, 2017, the court denied petitioner's motion for leave to file a successive postconviction petition, holding that petitioner failed to demonstrate a cognizable claim of actual innocence and that petitioner "had filed a previous petition and alleged basically the same information that he did in this new petition." In its written order, the court found that the ineffective assistance of trial counsel and appellate counsel claims were based on conclusory and unsupported allegations that were insufficient to merit relief. The court further found that petitioner's actual innocence claim was insufficient to merit relief. It noted that codefendant's affidavit did not support a claim of actual innocence, and that Claybrooks' affidavit did not present newly discovered evidence and that it was not so conclusive that it would have changed the outcome on retrial.

¶ 14     The trial court denied petitioner's motion for leave to file a successive postconviction petition, and petitioner now appeals.

¶ 15                                    II. ANALYSIS

¶ 16     On appeal, petitioner raises no issue regarding the merits of his petition. Rather, he contends that we should reverse the circuit court's denial of his motion for leave to file a successive postconviction petition because the clerk failed to bring the motion "promptly to the attention of the court" after it was docketed, and remand for appointment of counsel and second-stage proceedings. The State responds that the trial court properly denied petitioner's motion for leave to file a successive postconviction petition.

¶ 17     Section 122-1(b) of the Act states:

        "(b) The proceeding shall be commenced by filing with the clerk of the court in

        which the conviction took place a petition (together with a copy thereof) verified

        by affidavit. Petitioner shall also serve another copy upon the State's Attorney by

        any of the methods provided in Rule 7 of the Supreme Court. The clerk shall

        docket the petition for consideration by the court pursuant to Section 122-2.1

        upon his or receipt thereof and bring the same promptly to the attention of the

        court." 725 ILCS 5/122-1(b) (West 2020).

¶ 18     Petitioner acknowledges that his motion for leave to file a successive postconviction petition was filed on February 21, 2014, docketed on March 4, 2014, and set for hearing on March 11, 2014. Accordingly, it seems that the clerk of the court did indeed docket the petition for consideration upon its receipt thereof and "bring the same promptly to the attention of the court" by setting it for hearing. It is unclear, looking at the limited information contained in the record, why there was not a hearing on March 11, 2014, but we cannot conclude that it was due

to a failure to docket the motion or promptly set it for hearing. Even if we were to find, however, that the circuit court clerk failed to promptly bring petitioner's motion for leave to file a successive postconviction petition to the attention of the court, we would nevertheless find, relying on *People v. Shief*, 2016 IL App (1st) 141022, that the statute is directory and not mandatory in nature, and the failure to promptly alert the court of a motion for leave to file a successive postconviction petition is not reversible error.

¶ 19    In *Shief*, the defendant was convicted of first-degree murder in 2009. He mailed a postconviction petition to the clerk of the circuit court of Cook County, but the clerk did not docket his petition. *Id.* ¶ 1. After inquiring into the status of his petition several times, defendant refiled his petition one year later. *Id.* The trial court summarily dismissed the petition. *Id.* The defendant argued on appeal that we should vacate the dismissal of his petition and remand for second-stage postconviction proceedings because the clerk failed to promptly docket his petition pursuant to section 122-1(b) of the Act. *Id.* ¶ 2.  The parties agreed that the clerk did not promptly docket the petition but disputed whether the statutory provision calling for prompt docketing was mandatory or merely directory. *Id.* ¶¶ 21-25. This court noted that statues issuing procedural commands to government officials are presumed to be directory unless: 1) the statute specifies a consequence for noncompliance, or 2) the right being protected by the command provision would be injured by a directory reading of the statute. *Id.* ¶ 27.

¶ 20    Regarding the first point, we noted that section 122-2(b) prescribes no consequence for not promptly docketing a petition, in contrast to section 122-2.1, prescribing that a petition not summarily dismissed within 90 days must be docked for further consideration. *Id.* ¶¶ 28-30. "The fact that section 122-2.1 prescribes a consequence for noncompliance, but section 122-1(b) does not, demonstrates that the General Assembly did not intend the same consequence – automatic

advancement of the petition to the second stage – for the clerk's violation of section 122-2(b)." *Id*. ¶ 31. We further stated:

> "Section 122-2.1 serves as an incentive to circuit judges to swiftly adjudicate postconviction petitions by automatically advancing those cases on their dockets if the judge fails to promptly act. Section [122-2(b)], on the other hand, does not concern the actions of the circuit judge but rather those of the clerk. The remedy of automatic advancement would force the hand of the judge based on the actions of a distinct government official, the clerk. Circuit judges would lose control of their docket based on something entirely outside of their control." *Id*. ¶ 32.

¶ 21 Regarding the second exception – the right being protected by the statutory command would be injured by a directory reading – we noted that a directory reading would have to be generally prejudicial, not just prejudicial to a particular defendant under particular circumstances. *Id*. ¶ 34. We concluded "that the likelihood of prejudice is not so great that we must consider the prompt-docketing requirement to be mandatory under the second exception. Even if the clerk fails to docket a petition promptly, a defendant could simply refile his postconviction petition in order to have it considered." *Id*. ¶ 38. As we stated in *Shief*, "[w]hile a delay in docketing is by no means desirable, and the clerk's delay in this case was wholly unreasonable, such a delay is not likely to preclude a defendant from having the substance of his petition heard." *Id*. ¶ 41. We therefore concluded "that the prompt-docketing requirement of section 122-1(b) is directory, rather than mandatory." *Id*. ¶ 44.

¶ 22 Here, following *Shief,* we also conclude that the requirement in section 122-1(b) to promptly bring the petition to the court's attention is merely directory. The failure to promptly

alert the court after docketing a petition is not reversible error, and this petition cannot proceed to the second stage on that basis.

¶ 23     While petitioner argues that we should not follow *Shief* and instead find reversible error in the clerk's failure to promptly notify the court of petitioner's motion for leave to file a second successive postconviction petition, we see no reason not to follow *Shief*.[1] Here, we do not know what the circumstances of the delay was, and why a hearing was not held on March 11, 2014. We do know that petitioner filed a motion on July 10, 2017, requesting a hearing on his motion for leave to file a successive postconviction petition, and that the motion was presented to the court on July 19, 2017. The trial court then addressed the merits of petitioner's motion and issued a written order on August 25, 2017.

¶ 24     As we noted in *Shief*, it is true that even where a provision is directory, a defendant may still be entitled to relief if he was prejudiced by the violation of the provision. *Id.* ¶ 42 (citing *People v. Geiler*, 2016 IL 119095, ¶ 24). "Thus, a directory reading would not preclude a defendant from obtaining relief where he suffered prejudice due to a delay in docketing his petition." *Id.* Here, petitioner is not making such a claim, but rather arguing that the unreasonable delay in the consideration of his motion for leave to file a successive postconviction petition, in and of itself, was sufficiently prejudicial to warrant advancement to second-stage proceedings. As we held in *Shief*, while we are sympathetic with petitioner's claim, and as much as we join him in condemning the unacceptable delay, we do not find the delay sufficient to warrant a reversal. *Id.* ¶ 43.

¶ 25                              III. CONCLUSION

---

[1] The defendant in *Shief* filed a *pro se* petition for writ of habeas corpus in the Northern District of the United States District Court. See *Sheif v. Lashbrook*, 2019 WL 1773357. The Northern District noted that it could not substitute its judgment for that of the Illinois courts on a state-law issue, and found that "the purported errors in Petitioner's post-conviction proceedings do not rise to a violation of a constitutional right."

¶ 26    For the foregoing reasons, we affirm the circuit court of Cook County.

¶ 27    Affirmed.