2023 IL App (2d) 220336
No. 2-22-0336
Opinion filed June 2, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF HIGHLAND PARK, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-TR-49221 |
| | ) | |
| WENDY B. FOGEL-POLLACK, | ) | Honorable |
| | ) | Bolling W. Haxall III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Wendy B. Fogel-Pollack, appeals from the judgment of the circuit court of Lake County finding her guilty of violating a municipal ordinance of the City of Highland Park (City). She contends that (1) because the traffic citation incorrectly stated that she must appear in court and failed to identify the potential penalty for the offense, she was denied the opportunity to plead guilty without having to appear, and (2) the citation failed to identify the nature of the offense, impeding her ability to prepare a defense. Because defendant ultimately had the opportunity to plead guilty and the citation adequately notified her of the nature of the charge, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On October 29, 2021, Officer David Bekov of the Highland Park Police Department stopped defendant and issued her an "Illinois Citation and Complaint" for driving while using a handheld cellular device, in violation of section 71.119 of the Highland Park Municipal Code (Municipal Code) (Highland Park Municipal Code § 71.119 (adopted Aug. 28, 2017)). The citation did not state the applicable fine or any other facts regarding the nature of the offense. A section of the citation indicated that a court appearance was required, and it specified a date, time, and place for defendant to appear. Below that section was a form titled "Avoid Multiple Court Appearances," which indicated that defendant could plead not guilty by filling out the form and mailing it to the circuit court clerk, who would schedule the case for trial. Further below was a form titled "Guilty Plea." That form had a section titled "Fine, Penalties, Assessments, and Costs." In that section, the "amount of payment where court appearances are not required" was identified as "$164.00 for any violation under the Illinois Vehicle Code (625 ILCS 5/1[-100] *et seq.* [(West 2020))] defined as a minor traffic offense pursuant to Supreme Court Rule 501(f) [(Ill. S. Ct. R. 501(f) (eff. July 1, 2020)]," except for certain violations not pertinent here. Defendant completed the "Avoid Multiple Court Appearances" form, indicating that she pleaded not guilty and requested a jury trial. She mailed the citation to the clerk of the circuit court.

¶ 4     Before trial, defendant filed a "Motion to Strike the Complaint As Void, Or Dismiss Pursuant to [section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020))]." Defendant argued that the citation violated court rules, statutes, and her due process rights. First, because the citation did not specify how she committed the offense, and neither the citation nor section 71.119 of the Municipal Code stated the penalty, she could not intelligently decide how to plead or prepare for trial. Second, the City "improperly required [her] to appear in Court on a minor traffic offense, denying her right to decide whether to plead guilty without appearing in Court."

Defendant asked the court to dismiss the citation with prejudice, pursuant to section 2-615, or, alternatively, to dismiss it without prejudice, pursuant to sections 2-607 and 2-612 of the Code of Civil Procedure (735 ILCS 5/2-607, 2-612 (West 2020)) and require the City to provide a more definite statement.

¶ 5 At the hearing on defendant's motion, the trial court asked defendant's counsel why it would be improper to allow the City to replead and amend the citation to include the penalty and additional facts. Counsel replied that the complaint should be dismissed with prejudice. When the court asked counsel to explain why, counsel responded, "Well, you know, I think I have to leave that up to Your Honor then because I don't have a good argument about that." The City's counsel noted that, although a Municipal Code provision creating an offense might not state a penalty, the Municipal Code's general penalty provision authorized a maximum fine of $750 for a violation. The City's counsel added that, if the citation were defective for failing to identify the potential penalty, the City could "file a new charge, and then [the City] [could] put what the penalty [was], and then[ ] *** everybody [would] know." The court denied defendant's motion. The City did not amend the citation before trial.

¶ 6 At trial, Officer Bekov, the sole witness, testified that, while on traffic patrol, he was driving directly behind defendant's vehicle. He saw defendant twice raise her cell phone about chin-high and scroll the screen. He could see the cell phone screen from his squad car. Officer Bekov's squad-car-camera video was played in court. Officer Bekov acknowledged that the video did not show defendant holding her cell phone while driving. Officer Bekov explained that his observations occurred before he activated the camera and that his viewpoint differed from the camera angle. The jury found defendant guilty.

¶ 7      The trial court sentenced defendant to three months' court supervision and imposed a $75 fine and $226.50 in mandatory assessments. Defendant filed a motion in arrest of judgment and for a new trial. She again argued that the citation should have been dismissed because it failed to specify the penalty or the nature of the offense and erroneously stated that she was required to appear. The court denied defendant's motion. In doing so, the court allowed the City to amend the citation by writing "A possible fine of $50-$500 upon finding of guilty" in the section titled "Violation." Defendant, in turn, filed this timely appeal.

¶ 8                                        II. ANALYSIS

¶ 9      On appeal, defendant contends that we should reverse her conviction because of defects in the citation. First, by erroneously stating that defendant had to appear, the citation "automatically increase[d] court costs, denie[d] the right to plead guilty without appearing or to take a default, and ma[de] traffic court proceedings less efficient." Second, the citation did not specify how defendant violated the ordinance, thus preventing her from adequately preparing for trial. Third, by omitting the potential penalty, the citation precluded defendant from entering an informed guilty plea.

¶ 10     The City did not file an appellee's brief, explaining that, "[i]n light of the events of July 4, 2022, in the City,"[1] it had more pressing matters to devote its resources to and would stand on the trial court's rulings and the jury verdict.

¶ 11     We begin with defendant's assertion that, in choosing not to file a brief, the City acquiesced in her arguments, and she is, by default, entitled to relief. That is not so. Where an appellee fails to file a brief, reversal is not automatic. *People v. Dovgan*, 2011 IL App (3d) 100664, ¶ 10 (citing

---

[1]The City was referring to the mass shooting in its downtown on July 4, 2022.

*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)). Instead, when the record is simple and the claimed error is such that the reviewing court can easily decide the matter without the aid of an appellee's brief, the court should decide the merits of the appeal. *Talandis*, 63 Ill. 2d at 133. The issues in this appeal are not complex, and we can decide them without an appellee's brief.

¶ 12   We turn to defendant's first contention—that the charge should have been dismissed because Officer Bekov erroneously marked the box indicating that defendant was required to appear in court. The principles of statutory construction also apply to interpreting supreme court rules. *People v. Salem*, 2016 IL 118693, ¶ 11. Our primary objective in construing a supreme court rule is to ascertain and effectuate the drafters' intent. *In re Q.P.*, 2015 IL 118569, ¶ 14. The drafters' intent is best indicated by the rule's language, given its plain and ordinary meaning. *Salem*, 2016 IL 118693, ¶ 11.

¶ 13   Illinois Supreme Court Rule 529(a) (eff. July 20, 2021) provides, in pertinent part, that "[a]ll minor traffic offenses, except those requiring a court appearance under Rule 551 and those involving offenses set out in Rule 526(b)(1), may be satisfied without a court appearance by a written plea of guilty." Rule 529(a) adds that, "[i]f the defendant fails to satisfy the charges and fails to appear at the date set for appearance, the court shall address the charges in accordance with Rule 556." Ill. S. Ct. R. 529(a) (eff. July 20, 2021). A violation of section 71.119 of the Municipal Code does not qualify as a must-appear offense under Illinois Supreme Court Rule 551(g) (eff. Oct. 1, 2021) (only ordinance violations comparable to offenses specified in subparagraphs (a), (b), (c), (d), and (h) of Rule 551 are must-appear offenses). Thus, it was error for Officer Bekov to indicate on the citation that defendant must appear.

¶ 14   The next question is whether the error called for dismissal of the charge. It did not.

¶ 15    In *People v. Geiler*, 2016 IL 119095, ¶ 1, the supreme court addressed whether the failure to comply with Illinois Supreme Court Rule 552 (eff. Sept. 30, 2002)—which requires the police to submit a traffic citation to the circuit court clerk within 48 hours of issuance—compelled dismissal of the citation. In doing so, the court considered whether Rule 552 was directory or mandatory. *Geiler*, 2016 IL 119095, ¶ 16. The court noted that a procedural command to a government official, such as that embodied in Rule 552, is presumed to be directory. *Geiler*, 2016 IL 119095, ¶ 18. That presumption is overcome, and the command is deemed mandatory, "only if (1) negative language in the statute or rule prohibits further action in the case of noncompliance or (2) the right the statute or rule is designed to protect would generally be injured under a directory reading." *Geiler*, 2016 IL 119095, ¶ 18.

¶ 16    Rule 529 allows any defendant, other than one charged with a must-appear offense, to plead guilty without appearing. Ill. S. Ct. R. 529(a) (eff. July 20, 2021). However, Rule 529 does not limit or prohibit further prosecution where a defendant is wrongly required to appear. See Ill. S. Ct. R. 529(a) (eff. July 20, 2021). Thus, the first exception to reading a command as directory has not been met.

¶ 17    "As for the second exception, we must first determine the right Rule [529] is designed to protect." *Geiler*, 2016 IL 119095, ¶ 20. Article V of the supreme court rules relates to court procedures in traffic and conservation cases, ordinance violations, petty offenses, and certain misdemeanors. *Geiler*, 2016 IL 119095, ¶ 20. Article V was adopted "to ensure judicial efficiency and uniformity as well as to expedite the handling of traffic cases." (Internal quotation marks omitted.) *Geiler*, 2016 IL 119095, ¶ 20.

¶ 18    A directory reading of Rule 529 will not generally compromise judicial efficiency and uniformity. See *Geiler*, 2016 IL 119095, ¶ 21. Here, there has been no showing that the erroneous

labeling of the cellular-device violation as a must-appear offense affected the trial court's ability to manage its docket (see *Geiler*, 2016 IL 119095, ¶ 21) or otherwise impaired its efficiency. Nor is there any indication that a violation of Rule 529 will ordinarily prejudice a defendant's rights. See *Geiler*, 2016 IL 119095, ¶ 22. A defendant misinformed about having to appear would, at most, have to appear. See Ill. S. Ct. R. 551(g) (eff. Oct. 1, 2021). In doing so, defendant would be able to ask the court to rectify the mistake and, if she desired, plead guilty just as though she had been properly informed initially. Thus, such an error, though possibly causing the inconvenience of a court appearance, would not preclude a defendant from pleading guilty just as if the citation had not required a court appearance and allowed a guilty plea by mail. See Ill. S. Ct. R. 555 (eff. July 1, 2019). Accordingly, the second basis for overcoming the presumption that Rule 529 is directory has not been met.

¶ 19 Thus, because Rule 529 is properly read as directory, no specific consequence, such as dismissal, is automatically triggered by noncompliance. *Geiler*, 2016 IL 119095, ¶ 24. Accordingly, the failure of Officer Bekov to comply with Rule 529 did not compel the automatic dismissal of the citation.

¶ 20 "Although automatic dismissal of a citation is not an appropriate consequence for a violation of Rule [529], a defendant may still be entitled to relief if [she] can demonstrate [she] was prejudiced by the violation." *Geiler*, 2016 IL 119095, ¶ 24. Here, defendant has not made that showing. Although an unnecessary court appearance inconvenienced her, her rights were not materially affected. As discussed, she could have asked the court to rectify the error and allow her, if she wished, to plead guilty just as though the citation had been properly marked. Despite the requirement that she appear, a reasonable person in defendant's position would certainly have thought that she could at least plead guilty when she appeared. At no point does the record show

that defendant ever sought to plead guilty. Nor did she ever ask the court to waive the court costs resulting from her mistakenly required court appearance. She has not shown that she was in any way prevented from seeking such relief. Yet, instead of seeking that relief, defendant sought dismissal of the charge and persisted in her not-guilty plea and request for a jury trial. It is disingenuous for her to now claim that she was denied an opportunity to plead guilty. Accordingly, although defendant might have been inconvenienced by having to appear, she was not ultimately precluded from pleading guilty as though her appearance had not been required. Thus, she was not entitled to dismissal of the charge on the basis of prejudice.

¶ 21   We next address defendant's contention regarding the citation's failure to properly notify her of the nature of the offense. In *People v. Tammen*, 40 Ill. 2d 76, 77 (1968), our supreme court addressed whether a traffic citation violated the constitutional right to be informed of the nature and cause of the accusation. In that case, the ticket was in the form of an " 'Illinois Uniform Traffic Ticket and Complaint' " and named the offense and cited the statute. *Tammen*, 40 Ill. 2d at 78. It did not, however, set forth the nature and elements of the charged offense. *Tammen*, 40 Ill. 2d at 78. Nonetheless, the court held that the ticket was not constitutionally defective. *Tammen*, 40 Ill. 2d at 79. Noting that a uniform traffic ticket "is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed," the court held that "naming the offense and citing [the relevant provision] is sufficient and will generally be understood by the person charged." *Tammen*, 40 Ill. 2d at 78-79. A citation

with that content will be upheld on appeal unless the defendant objected to its sufficiency or requested a bill of particulars. *Tammen*, 40 Ill. 2d at 79.[2]

¶ 22    Here, the citation was in the form of a uniform citation and complaint. Further, it named the offense as driving while using a handheld cellular device. It also identified the ordinance violated as section 71.119 of the Municipal Code. Under *Tammen*, the citation was sufficient to notify defendant of the charge against her. See *Tammen*, 40 Ill. 2d at 79. Thus, it could not be dismissed because it did not provide further detail.

¶ 23    Defendant asserts that the failure to grant her motion for a more definite statement denied her the opportunity to prepare her defense. However, because the citation sufficiently notified her of the charge, the City did not have to provide further facts before trial.

¶ 24    That leaves defendant's contention that the failure of the citation to identify the applicable penalty denied her the opportunity to enter an informed guilty plea. That contention ignores the citation's statement that, if defendant wanted to plead guilty via mail, the fine, assessments, and costs would be $164. Thus, defendant would have known what the penalty was had she opted to plead guilty by mailing in her guilty plea. We realize that defendant claims that she did not have the option to plead guilty via mail, because the citation had incorrectly informed her that she must appear. However, upon appearing, she would have been able to ask the court to correct the mistake by allowing her to plead guilty as though the citation had been correctly marked. However, as discussed, she did not pursue that relief. Thus, the citation's failure to set forth the potential penalty did not warrant its dismissal.

---

[2]We note that defendant, by moving for dismissal and requesting a more definite statement, adequately raised the issue below. Thus, she can seek dismissal on appeal.

¶ 25 Finally, we note that defendant's prayer for relief in this court seeks only reversal and dismissal with prejudice. That is consistent with her approach in the trial court, where she did not seek to plead guilty as though the citation had been properly completed, but, instead, asked for more extreme forms of relief.

¶ 26                              III. CONCLUSION

¶ 27 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 28 Affirmed.

*City of Highland Park v. Fogel-Pollack*, **2023 IL App (2d) 220336**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 21-TR-49221; the Hon. Bolling W. Haxall III, Judge, presiding. |
| **Attorneys for Appellant:** | Steven B. Pollack, of Lake Bluff, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |