Robert M. Dow, Jr. United States District Judge
These consolidated cases are before the Court following the Court's grant of Defendant the City of Chicago's ("City's") motion for withdrawal of reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(D). See [10] (consolidating cases for "all purposes" and requiring "all further filings [to] be made in the lead case 17-cv-4926"). Plaintiffs Joseph Baines ("Baines") and Kenasia Daniels ("Daniels") (collectively, "Plaintiffs") seek declarations that a provision of the City's municipal code, which creates a statutory possessory lien in their vehicles for unpaid traffic tickets, is preempted by federal law because it "frustrate[s] Congress' intent to give people a new, fresh start by virtue of filing bankruptcy." [12] at 11. Currently before the Court is the City's motion [11] to dismiss for failure to state a claim upon which relief can be granted. For the reasons explained below, the City's motion [11] is granted. Case No. 17-cv-4926 and Case No. 17-cv-4929 are both dismissed.
STATEMENT
The following facts are alleged by Baines and assumed to be true for purposes of the City's motion to dismiss. See Amended Adversary Complaint, Docket Entry 20, Case No. 17-00242 (Bankr. N.D. Ill.) (the "Complaint"). The City impounded Baines' vehicle based on his accumulation of unpaid parking tickets. When Baines' vehicle was impounded, the vehicle became subject to a statutory possessory lien in favor of the City pursuant to § 9-92-80 of the Municipal Code of Chicago ("MCC"). The General Assembly recently amended MCC § 9-92-80 to provide that "[a]ny vehicle impounded by the City or its designee shall be subject to a possessory lien in favor of the City in the amount required to obtain release of the vehicle." [11-1] at 2.
Baines subsequently filed a Chapter 13 bankruptcy petition. Despite the statutory lien, his Plan proposes that the City be paid as a general unsecured creditor. While the bankruptcy case was pending, Baines sought to have his vehicle released without paying his parking tickets. The City refused to release Baines' vehicle because the automatic stay does not require it do so, as the Bankruptcy Court determined in *725 In re Avila , 566 B.R. 558 (Bankr. N.D. Ill. 2017). The City continues in possession of Baines' vehicle.[1]
Baines' complaint alleges that MCC § 9-92-80 is preempted by federal law because it stands as an obstacle to the accomplishment and execution of the full purpose of the Bankruptcy Code, which he contends is "to give Debtor[ ]s a new opportunity in life and a clear [field] for future effort, unhampered by the pressure and discouragement of preexisting debt." Complaint ¶ 23. Baines further alleges that MCC § 9-92-80 frustrates the purpose of the Bankruptcy Code because it "hold[s] the Debtor hostage to their pre-petition parking tickets by forcing the Debtor to pay back these tickets at 100% or in the alternative not retrieve possession of the vehicle." Id. ¶ 24. Daniels' complaint asserts the same basic preemption argument.
The City moves to dismiss under Rule 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiffs complaint must allege facts which, when taken as true, " 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.' " Cochran v. Illinois State Toll Highway Auth. , 828 F.3d 597, 599 (7th Cir. 2016) (quoting E.E.O.C. v. Concentra Health Servs., Inc. , 496 F.3d 773, 776 (7th Cir. 2007) ). The Court reads the complaint and assesses its plausibility as a whole. See Atkins v. City of Chicago , 631 F.3d 823, 832 (7th Cir. 2011). A court may dismiss a claim under Rule 12(b)(6)"on the basis of a dispositive issue of law." Neitzke v. Williams , 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Thus, "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate." Id. at 328, 109 S.Ct. 1827. "Whether a law is preempted is a question of law which a court may decide at the motion to dismiss stage." Podgorski v. Liberty Mutual Group Inc. , 2016 WL 7187265, at *2 (N.D. Ill. Dec. 12, 2016) (citing Moran v. Rush Prudential HMO, Inc. , 230 F.3d 959, 966 (7th Cir. 2000) ; Brown v. Kerr-McGee Chem. Corp. , 767 F.2d 1234, 1237 (7th Cir 1985) ).
The sole issue before the Court is whether federal bankruptcy law preempts MCC § 9-92-80. " 'Preemption can take on three different forms: express preemption, field preemption, and conflict preemption.' " Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 651-52 (7th Cir. 2015) (quoting Aux Sable Liquid Products v. Murphy , 526 F.3d 1028, 1033 (7th Cir. 2008) ). Plaintiffs here focus on conflict preemption.
"Conflict preemption can occur in two situations: (1) when 'it is impossible for a private party to comply with both state and federal requirements,' or (2) when 'state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " Bible , 799 F.3d at 652 (quoting Freightliner Corp. v. Myrick , 514 U.S. 280, 287, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995) ).
*726 Baines argues that the second type of conflict preemption applies, because MCC § 9-92-80 "frustrates the purpose of filing bankruptcy for thousands of people with parking ticket debts" by allowing the City to "hold[ ] onto a vehicle as collateral [t]o get better treatment and more money from a Debtor in Chapter 13 or in the alternative keep[ ] possession of their vehicle." [12] at 9-10.
Under basic preemption principles, any attempt to "alter the balance Congress has struck between the relative rights of debtors and creditors in bankruptcy proceedings" would "interfere with the nation's bankruptcy laws" and "frustrate their full effectiveness," and thus would be "improper." In re Cross , 255 B.R. 25, 34 (Bankr. N.D. Ind. 2000). Given this history, it is not surprising that Plaintiffs cannot "point to any Bankruptcy Code embodiment of the fresh start principle that permits or requires avoidance of the lien" ( In re Wrenn , 40 F.3d 1162, 1165 n.4 (11th Cir. 1994) )-nor has the Court's own research revealed any such provision. And "[h]owever important the fresh start may be as a justification for the rights debtors enjoy under the Code, by itself it cannot disturb state-law property rights." Id. (citing Butner , 440 U.S. at 55, 99 S.Ct. 914, and Johnson v. First Nat'l Bank , 719 F.2d 270, 274 (8th Cir. 1983) ). In other words, "[w]ithout an explicit fresh start section of the Bankruptcy Code to invalidate it, the lien is valid even if it violates the fresh start principle." Id.
Under the foregoing principles, the question of law raised by the City's motion to dismiss must be resolved in its favor. MCC § 9-92-80 defines the City's interest in impounded vehicles as a statutory possessory lien. The Bankruptcy Code does not prohibit the City from defining its interest in this way. If Congress had included within the Code a provision disallowing possessory liens as obstacles to a "fresh start" policy objective, state law of course would yield to that command under the Supremacy Clause. But the Code contains no such provision, so state and local laws still hold sway.
Furthermore, beyond the absence of any Code provision to support his position, Plaintiffs' argument squarely conflicts with fundamental bankruptcy principles. The Supreme Court has explained that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligations, subject to any qualifying or contrary provisions of the Bankruptcy Code." Raleigh v. Illinois Dep't of Revenue , 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). In general, "[p]roperty interests are created and defined by state law." Butner v. United States , 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). And " '[u]nless some federal interest requires a different result, there is no reason why [the state] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' " Raleigh , 530 U.S. at 20, 120 S.Ct. 1951 (quoting Butner , 440 U.S. at 55, 99 S.Ct. 914 ).
For well over a century, courts repeatedly have reaffirmed "the venerable principle of Long v. Bullard , 117 U.S. 617, 620-21, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) * * * that bankruptcy law permits a lien to pass through bankruptcy unaffected provided that it's a valid lien and secures a valid claim." Palomar v. First American Bank , 722 F.3d 992, 993 (7th Cir. 2013) ; see also Johnson v. Home State Bank , 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("Codifying the rule of Long v. Bullard * * * the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy");
*727 Dewsnup v. Timm , 502 U.S. 410, 418-19, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (observing that "[a]part from reorganization proceedings, * * * no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt" and noting that "Congress must have enacted the Code with a full understanding of this practice"). Consistent with Long and its progeny, "[t]he holder of such a claim can if he wants ignore the bankruptcy proceeding and enforce his claim by foreclosing on the lien." Palomar , 722 F.3d at 994. Defendant's position as to the validity of its lien therefore comports with long-established bankruptcy law.
Baines compares this case to Perez v. Campbell , 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In that case, the Supreme Court held that an Arizona law, under which a discharge in bankruptcy did not relieve an individual from having his driver's license suspended if he failed to satisfy a judgment entered against him in an action arising out of operation of a motor vehicle, was preempted because it was in conflict with a provision of the Bankruptcy Act under which a bankruptcy discharge fully discharged all but certain specified judgments. See id. at 656, 91 S.Ct. 1704. Perez is easily distinguishable from the present case. The Arizona law found to be preempted in Perez required an individual seeking a driver's license to pay a ticket that had already been discharged in bankruptcy.
For these reasons, the Court concludes that MCC § 9-92-80 is consistent with, and does not "frustrate specific objectives" of, the Bankruptcy Code, and therefore the ordinance is not preempted by federal bankruptcy law. Boyle v. United Technologies Corp. , 487 U.S. 500, 507, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).
CONCLUSION
For the reasons explained above, the City's motion to dismiss [11] is granted.

The bankruptcy judges in our district have reached opposite conclusions in regard to whether the City may, pursuant to a possessory lien, retain possession of a debtor's vehicle after the filing of a bankruptcy petition. See In re Avila , 566 B.R. 558, 560-61 (Bankr. N.D. Ill. 2017) (answering question in the affirmative); In re Walker , 2017 WL 6547730, at *2-4 (Bankr. N.D. Ill. Dec. 20, 2017), withdrawn, 2018 WL 799150, at *3 (Bankr. N.D. Ill. Feb. 8, 2018) (answering question in the negative); see also Thompson , 566 F.3d 699, 707-08 (7th Cir. 2009) ; 11 U.S.C. 362(b)(3). This Court need not take sides in that dispute, for the question before the Court involves preemption, not possession.