In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-3729

BRIAN KNUTSON, et al.,

*Plaintiffs-Appellants*,

*v.*

VILLAGE OF LAKEMOOR,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-01804 — **Marvin E. Aspen**, *Judge*.

ARGUED APRIL 17, 2019 — DECIDED AUGUST 1, 2019

Before MANION, SYKES, and BRENNAN, *Circuit Judges*.

MANION, *Circuit Judge*. This class action suit challenges the red light camera program of the Village of Lakemoor, Illinois. The plaintiffs received violation notices from Lakemoor that they claim are invalid because the notices lack a proper municipal code citation. They also claim Lakemoor denied them due process by limiting the defenses that can be asserted before a hearing officer to contest a violation. The district court dismissed the case for failure to state a claim. We affirm.

## I. Background

Describing the plaintiffs' claims requires reading several provisions of Lakemoor's Municipal Code of Ordinances (the "Code") together. First, Chapter 1 of the Code outlines the Code's numbering system: "Each section number of this code shall consist of two component parts separated by a period, the figure before the period referring to the chapter number and the figure after the period referring to the section within the chapter." Lakemoor Mun. Code § 1.01(C).

Chapter 41-1/2[1] of the Code covers traffic violations. It incorporates by reference the Illinois Vehicle Code (IVC), and states "[t]he section numbers used in the [IVC] shall be identical to those section numbers in the Lakemoor Vehicle Code. Therefore, an ordinance violation shall be cited as 'Chapter 41-1/2,' followed by the corresponding IVC section number." *Id.* § 41-1/2.01.

In 2012, Lakemoor enacted an ordinance titled "AUTOMATED TRAFFIC LAW ENFORCEMENT PROGRAM," and codified it as Section 14 of Chapter 41-1/2. *Id.* § 41-1/2.14. Section 14 authorizes a system of red light cameras located at certain intersections to detect and record red light violations. *Id.* It states "[i]t shall be a violation of this section for anyone to operate a vehicle in disregard of a traffic control device or to turn right on a red light where it is posted 'No Turn on Red,'" *id.* § 41-1/2.14(B), but it also incorporates by reference the IVC's prohibition of the same conduct, *id.* § 41-1/2.14(C)(1), (C)(4) (citing IVC § 11-306).

---

[1] This chapter is referred to as Chapter 41-1/2 because it falls between Chapters 41 and 42.

When a red light camera captures a vehicle committing a red light violation, Section 14 requires a written violation notice to be issued to the registered owner of the vehicle. *Id.* § 41-1/2.14(C)(4). Section 14 lists the information that the notice "shall include," such as the name and address of the registered owner of the vehicle, the location, date, and time of the violation, and, importantly for this appeal, "[t]he violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated." *Id.* § 41-1/2.14(C)(4)(c). The violation notice constitutes *prima facie* evidence of a violation, which can be rebutted by several enumerated defenses. *Id.* § 41-1/2.14(C)(6). A recipient of a violation notice may request adjudication before a hearing officer, where he may present only the defenses listed in Section 14(C)(6). The list of defenses does not include challenges to the violation notice's compliance with Section 14's requirements. *Id.*

In its entirety, Section 14 comprises approximately 42 subsections and sub-subsections and takes up roughly four full pages. At the end of Section 14 is the following parenthetical: "(Ord. 12-O-03, passed 1-26-2012)," referencing the ordinance number as it was passed and its date of passage. Lakemoor's online ordinance compilation includes a cross-reference chart that links Ord. No. 12-O-03 to Section 14.[2]

---

[2] See *Village of Lakemoor, Illinois Code of Ordinances*, AM. LEGAL PUBL'G CORP., http://library.amlegal.com/nxt/gateway.dll/Illinois/lakemoor_il/vil lageoflakemoorillinoiscodeofordinance?f=templates$fn=default.htm$3.0$ vid=amlegal:lakemoor_il (last visited Aug. 1, 2019). From this page, the entire municipal code is accessible through a navigation panel on the left side of the screen, arranged by chapters and sections. At the very bottom

Each plaintiff received at least one such notice of violation. Next to the label "Code Violation and Description," the notices include simply the notation "12-O-03." However, the notices also include photographs of the violation occurrence and state these photographs depict "a violation of a red light signal and/or law pertaining to 'Right Turn on Red.'" The notices further provide a complete list of defenses and grounds for contesting the violation as well as instructions for contesting the violation by mail or in person.

All but one of the named plaintiffs chose to pay the $100 fine for each violation,[3] and none requested a hearing. They then filed suit in federal court, seeking to certify three classes: (1) all individuals who received a violation notice from Lakemoor, (2) those who paid the fine, and (3) those who have not paid the fine. The plaintiffs alleged Lakemoor deprived them of due process under color of state law and sought declaratory

of this navigation panel is a link labelled "REFERENCES TO ORDINANCES" within the expandable folder "PARALLEL REFERENCES." That page includes a chart of all ordinance numbers arranged in numerical order. For each ordinance number, the chart lists the date on which it was adopted and provides a direct link to the code chapter(s) and section(s) included in that ordinance. For Ordinance No. 12-O-03, the provided link leads directly to Section 14, although we note the hyperlink text is mislabeled as "§ 4-1/2.14". Searching for "12-O-03" in the page's search bar does not lead one to the proper chapter, section, or the ordinance cross-reference chart.

[3] One outlier plaintiff, Heather Bendl, received multiple violation notices but did not voluntarily pay the attached fines. Her state income tax return was garnished for the amount due in February 2018, but she later received another violation notice in April 2018. The fine for that violation remained unpaid at the time of the filing of the amended complaint.

judgment. They argued the violation notices were void *ab in-itio* because the notation "12-O-03" does not suffice as a "specific reference to that section of the [Code] allegedly violated." Instead, reading Lakemoor Municipal Code §§ 1.01, 41-1/2.01, and 41-1/2.14(C)(4)(c) together, they contended the violation notices must contain a citation to Chapter 41-1/2 of the Code along with the section number of the IVC dealing with red light violations (IVC § 11-306(c)). Therefore, the plaintiffs asserted the proper citation is "Lakemoor Mun. Code § 41-1/2.11-306(c)." They claimed Lakemoor deprived them of due process by not including a challenge to the notice's validity as an available defense under Section 14(C)(6). In addition to their due process claim, the plaintiffs asserted a state law unjust enrichment claim based on the same allegations.[4]

The district court held the notices were valid because Section 14 incorporates by reference IVC § 11-306(c) and "12-O-03" is a parallel session law citation to Section 14 that satisfies the "specific reference" requirement. Moreover, the district

---

[4] The plaintiffs also asserted a due process claim under the Illinois Constitution and a claim for injunctive relief as a separate count. The plaintiffs abandoned the state constitutional claim at the district court. With respect to injunctive relief, that is a remedy, not a cause of action, and thus should not be pleaded as a separate count. *See Guardians Ass'n v. Civil Serv. Com'n*, 463 U.S. 582, 595 (1983) ("Whether a litigant has a cause of action 'is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive."); *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011) ("An injunction 'is an equitable remedy, not a separate cause of action.'"). The district court properly dismissed that count on that basis. Furthermore, because we hold the plaintiffs failed to state a claim for violation of due process or unjust enrichment, they are not entitled to injunctive relief.

court held the plaintiffs were not deprived of due process by the limitation of defenses because the defense they sought to assert was not viable. The district court dismissed the case. The plaintiffs appeal.

## II.  Analysis

The plaintiffs assert a due process claim under the Fourteenth Amendment and a state law unjust enrichment claim and seek declaratory judgment.[5] We review the district court's dismissal *de novo*. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "We may affirm a district court's dismissal order on any basis supported by the record." *Craig v. Rich Tp. High Sch. Dist. 227*, 736 F.3d 1110, 1118 (7th Cir. 2013).

### A.  Due Process Claim

The plaintiffs do not invoke the "substantive" due process doctrine. Instead, their claim asserts only that they were not afforded the minimum procedural protections guaranteed by the Fourteenth Amendment's Due Process Clause.

In analyzing a procedural due process claim, we follow a two-step process. First, we determine if the plaintiff has been deprived of a liberty or property interest. Second, we determine if the plaintiff was provided constitutionally sufficient process. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 571 (7th Cir. 2017). Lakemoor does not dispute the plaintiffs have a protected property interest in the $100 they were fined for each red light violation. Thus, the only question is what—or how much—process was due for that deprivation.

---

[5] We have supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

"The cornerstone of due process is notice and the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). In this case, the plaintiffs received both. They received a written notice of each violation, which included a description and photograph of the violation as well as the time, date, and location where it occurred. They also had an opportunity to contest the violation before a hearing officer, and the violation notices explained in detail how to request such a hearing. Despite this, the plaintiffs argue they were denied a meaningful opportunity for hearing because Section 14 limits the defenses they can raise before the hearing officer. The limited defenses do not include challenging the violation notice as void for failure to comply with Section 14's requirements. This argument is unavailing.

The requirements of due process are not rigid; rather, due process "is flexible and requires only 'such procedural protections as the particular situation demands.'" *Riano v. McDonald*, 833 F.3d 830, 834 (7th Cir. 2016) (quoting *Ringquist v. Hampton*, 582 F.2d 1138, 1140 (7th Cir. 1978)). Less process is due where less is at stake. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1353 (7th Cir. 1997). Accordingly, we consider three factors when determining what process is due before the government effects a deprivation: (1) the nature of the private interest at stake, (2) the risk of erroneous deprivation through the procedures used, and (3) the governmental interest. *Mathews*, 424 U.S. at 334–35.

First, the private interest at stake in this case—a $100 fine—is relatively small. *See Van Harken*, 103 F.3d at 1353 (finding less process was due where maximum possible penalty for parking violation was "only $100"). We do not pretend a

$100 fine is of no consequence. However, in the grand scheme of deprivations the government can effect, including imprisonment or the seizure of highly valuable property, a $100 fine is among the less serious sort. Accordingly, this factor suggests less process was required here.

Second, Lakemoor's limitation of defenses does not present a risk of erroneous deprivation. Lakemoor allows alleged violators to contest the violation on various grounds that, if true, would refute or alleviate culpability. For example, Section 14 allows a recipient of a violation notice to assert, *inter alia*, the following arguments as defenses: the vehicle was owned by or leased to another individual at the time of the violation; the driver passed through the red light in order to yield to an emergency vehicle; the vehicle cannot be adequately identified in the photo; or the driver was already issued a citation for the same violation. Lakemoor Mun. Code § 41-1/2.14(C)(6). By contrast, the plaintiffs' desired defense (namely, the violation notice did not contain a proper citation to the Code section allegedly violated) has no bearing on culpability. Preventing alleged violators from asserting this technicality as a defense does not present a risk of erroneous deprivation. Thus, this factor weighs in favor of finding the process provided was constitutionally sufficient.

Finally, limiting the universe of possible defenses furthers the government's interest in administrative efficiency. In *Mathews*, the Supreme Court noted as relevant the "fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335; *see also Cont'l Training Servs., Inc. v. Cavazos*, 893 F.2d 877, 893 (7th Cir. 1990) (stating the "conservation of resources and administrative efficiency" are "unquestionably" governmental

interests). Requiring the hearing officer to entertain any defenses the alleged violator desires to raise, even those with no bearing on culpability, would create a greater administrative burden and cost for Lakemoor. This factor supports Lakemoor's choice to limit the possible defenses to those that refute or alleviate culpability.

We have previously held a plaintiff is not deprived of a meaningful opportunity to be heard simply because the defense he wishes to assert is not available to him at the provided hearing. *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). In *Cochran*, the plaintiff received notice of a toll violation and was entitled to request a hearing. However, because the toll violation was a strict liability offense, the plaintiff was prevented from presenting a knowledge defense at the hearing. He argued that this limitation of his defenses rendered the opportunity for hearing meaningless, but we disagreed. "Although the knowledge defense was not available, other defenses were. Thus, plaintiff was not precluded from presenting *any* defense, and the hearing was not meaningless." *Id.*

Similarly, the fact that the plaintiffs in this case could not assert a defense based on the violation notice's lack of a Code citation does not mean that the hearing—at which they could have raised several other defenses—would have been meaningless. The process that the plaintiffs received was constitutionally sufficient, and they have, therefore, failed to state a federal due process claim.

## B. Unjust Enrichment Claim

The plaintiffs' unjust enrichment claim is based on the same underlying allegations as the due process claim. They

assert Lakemoor has been unjustly enriched by receiving payment of fines to which it was not entitled.

The plaintiffs argue the violation notices were void *ab initio* because they did not include a proper citation to "that section of the [Code] allegedly violated" as required by Section 14. *See* Lakemoor Mun. Code § 41-1/2.14(C)(4)(c). This argument fails because there is no indication that the "specific reference" requirement was intended to be read as a mandatory provision rather than a directory one.

"A mandatory provision and a directory provision are both couched in obligatory language, but they differ in that noncompliance with a mandatory provision vitiates the governmental action, whereas noncompliance with a directory provision has no such effect." *In re M.I.*, 2011 IL App (1st) 100865, ¶ 47, 964 N.E.2d 72, 83. Under Illinois law, a procedural command in a statute is presumed to be directory rather than mandatory. *People v. Geiler*, 2016 IL 119095, ¶ 18, 57 N.E.3d 1221, 1224–25. That presumption can be overcome only if (1) the statute uses negative language to prohibit further action in the event of noncompliance, or (2) the statute is designed to protect a right that would generally be injured if the provision is read as directory. *Id.*

Although Section 14 states a violation notice "shall include" a "specific reference" to the Code section allegedly violated, we see no basis for overturning the presumption that this requirement is directory rather than mandatory. First, Section 14 contains no negative language prohibiting Lakemoor from taking further action in the event of noncompliance.

Second, although the plaintiffs argue their right to be fully informed of an alleged violation would be injured by a directory reading, this is simply not the case. The plaintiffs suffered no failure of notice caused by the "12-O-03" notation. The notice of violation each plaintiff received includes multiple photographs of each plaintiffs' registered vehicle in the act of entering an intersection on a red light, with the license plate visible, and describes the photographs as evidencing "a violation of a red light signal and/or law pertaining to 'Right Turn on Red.'" Each notice also includes the time, date, and location of the violation. Further, each notice provides detailed information about the procedures for contesting the violation, the date by which the fine must be paid or the violation contested, and a full list of possible defenses derived from Section 14.

Everything the plaintiffs needed to know to contest the violation was fully and clearly explained in the notice of violation itself. The plaintiffs were not prejudiced by the lack of a proper Code citation. Therefore, the presumption in favor of a directory reading has not been overcome.

Because we hold the "specific reference" provision is directory rather than mandatory, the plaintiffs' argument the violation notices were void *ab initio* fails as a matter of law, and their unjust enrichment claim falls with it.

### III. Conclusion

The plaintiffs have failed to state a claim either for violation of due process or unjust enrichment. The district court properly dismissed the case. Accordingly, we AFFIRM the decision of the district court.