**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019*
Decided August 30, 2019

*Before*

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1516

| | |
|---|---|
| ROY SMITH, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> GREGORY PACHMAYR, *et al.*, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:18-cv-02169-WTL-MPB <br><br> William T. Lawrence, <br> *Judge*. |

**O R D E R**

In this suit under 42 U.S.C. § 1985(3), Roy Smith, an Indiana prisoner, alleges that state officials conspired to deny him access to state court and deny him equal protection when they asked a state court to dismiss his appeal from a non-final order. The district court dismissed his complaint at screening for failure to state a claim. *See* 28 U.S.C.

---

* The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 1915A(b). That ruling was correct: Smith had an opportunity in state court to oppose the motion to dismiss his appeal, and he does not contend that the defendants treat prisoners differently than non-prisoners who appeal non-final orders. Thus we affirm.

This suit follows a state-court action that Smith brought against prison officials for allegedly preventing him from timely filing a petition for a writ of certiorari with the Supreme Court. During the state-court litigation, Smith moved for summary judgment and for a hearing. The state trial court denied the motion for a hearing, and Smith appealed. After the defendants did not respond to his brief on appeal, the Indiana court of appeals alerted the Indiana Attorney General to respond to Smith's brief. A Deputy Attorney General then moved to dismiss the appeal, arguing that the order denying Smith's motion for a hearing was not final and appealable. Smith opposed the motion, but the court of appeals agreed with the state and dismissed the appeal.

Smith responded with this suit, alleging a violation of his First and Fourteenth Amendment rights. He contends that by seeking to dismiss his interlocutory appeal, the Indiana Attorney General and others conspired to deny him equal protection and access to state court. They did so, Smith alleges, "because" he sued people who "wield[] Considerable Financial Power and Political Influence." Smith also contends that the Attorney General violated his right to due process in the state case by representing private defendants without the state-law authority to do so. The district court dismissed the case at screening. *See* 28 U.S.C. § 1915A(b). It ruled that (1) the Eleventh Amendment barred claims against the defendants in their official capacities (because official-capacity defendants are not "persons" under § 1985, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (interpreting same language under § 1983)); (2) absolute immunity blocked claims against the Attorney General and his Deputy; (3) the First Amendment claim failed because no defendant denied Smith a chance to oppose the motion to dismiss; and (4) Smith had not alleged a valid equal-protection claim.

We review de novo the dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim, taking all well-pleaded facts as true. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 696 (7th Cir. 2009). In doing so, we may take judicial notice of public court records. *See McCree v. Grissom*, 657 F.3d 623, 623–24 (7th Cir. 2011).

On appeal Smith first argues that he adequately pleaded valid constitutional claims arising from the defendants' motion to dismiss his state appeal. He contends that by moving to dismiss his state appeal, they conspired to discriminate against him because he is a prisoner. But prisoners "are not a protected class" entitled to heightened equal-protection scrutiny. *See United States v. Hook*, 471 F.3d 766, 774 (7th Cir. 2006). To

state a valid equal-protection claim, Smith needed to allege that the defendants seek to dismiss interlocutory appeals by prisoners but not by comparable non-prisoners, and that this differential treatment has no rational relation to a legitimate state interest. *See, e.g., Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). He has not. Rather, he has alleged that the defendants moved to dismiss his state appeal "because" they are "influential," not because he is a prisoner. That is not an allegation of unlawful discrimination against prisoners. Smith has also failed to state a First Amendment claim for denial of access to courts. The state-court docket reveals that he moved to strike the Attorney General's filing and petitioned for transfer to the Indiana Supreme Court. Those submissions show that he had continuing access to the courts, precluding any liability for the defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Next, Smith asserts that the Attorney General and his Deputy denied him due process in state court by improperly defending prison officials who were private employees. It is an open question whether absolute immunity shields government lawyers when defending a civil case, as the lawyers are not "functioning in an enforcement role analogous to" their role in criminal proceedings. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995)). Even if there were an immunity bar, however, this claim fails because the allegedly unauthorized representation of the defendants at most amounts to a violation of state law, and a state's violation of its own laws does not by itself offend the due process clause. *See Mid-American Waste Sys., Inc. v. City of Gary*, 49 F.3d 286, 290 (7th Cir. 1995) ("And the due process clause does not require, or even permit, federal courts to enforce the substantive promises in state laws and regulations."); *see also Lennon v. City of Carmel*, 865 F.3d 503, 508–09 (7th Cir. 2017).

Finally, Smith raises a new argument on appeal. He contends that the Attorney General and his Deputy denied him due process when they sought to represent the prison officials in state court without filing a motion to intervene under Indiana Trial Rule of Procedure 24. Apart from the fact that we need not consider new arguments on appeal, this contention is meritless. Rule 24 applies to intervening parties; it does not deal with adding or substituting counsel. *See, e.g., Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812–815 (Ind. 2012). And even if the Attorney General and his Deputy had run afoul of Rule 24, as we just observed, a violation of state law does not by itself violate due process. *See Lennon*, 865 F.3d at 508–09.

                                                                                                    AFFIRMED