> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 31, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3066

| | |
|---|---|
| IREDELL SANDERS,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CV-130 DRL-MGG |
| ST. JOSEPH COUNTY, INDIANA,<br>　　*Defendant-Appellee*. | Damon R. Leichty,<br>*Judge*. |

## O R D E R

Iredell Sanders sued St. Joseph County, Indiana, alleging that county officials arrested him, temporarily held him in a cold cell without access to his medication, and then jailed him for several months. The district court construed Sanders's complaint as asserting various claims under 42 U.S.C. § 1983 for denial of his constitutional rights, but it dismissed the complaint as untimely. We agree with the district court that many

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

of Sanders's claims are time-barred, but we conclude that the court erred in dismissing as untimely Sanders's claim of unlawful detention, which accrued later than his other claims. We nonetheless affirm the court's order dismissing the complaint because Sanders named the county as the sole defendant but did not state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In his operative complaint, Sanders alleged that, on September 19, 2016, two "DuComb Center/ St. Joseph County officers" detained him on the street and took him to the DuComb Center (a work-release facility) "for questioning." When he arrived, officers placed him in a "very small and very cold cell." Sanders was then held at the center for eight days. While there, Sanders asked for his medication multiple times, even giving the name of "his doctor at Oaklawn" (a psychiatric center), but he did not receive it. (Sanders does not identify his medication but says that he was surprised he "did not act out going so long without [it].") Sanders described this as "medical malpractice or incompetence." Then, on September 26, two "armed men" told Sanders he was under arrest and took him to the county jail, where he was confined for an additional five months; he called this "false imprisonment."

Sanders first sued on February 28, 2019, naming the county and the DuComb Center as defendants. (He later amended his complaint and dropped the center as a defendant.) The county moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Sanders's claims were barred by the two-year statute of limitations. It asserted, without much explanation, that "[t]he alleged violations occurred from December 16, 2015 through March 1, 2016 and September 19, 2016." The district court granted the motion. It construed Sanders's complaint to allege "claims of false imprisonment, neglect, and medical malpractice" and to seek relief related to his "detention and deprivation of medicine at the DuComb Center." It concluded that these claims had all accrued by September 26, 2016, when Sanders was transferred to county jail. Because Sanders waited more than two years after that date to file his complaint, the court reasoned, his complaint was untimely.

The district court's analysis was only partially correct. We agree with the district court that Sanders's complaint appears to assert various claims under § 1983 for violation of his constitutional rights (and perhaps state-law torts as well). And for § 1983 claims, federal courts borrow the limitations period applicable to personal-injury claims under state law, which is two years in Indiana. IND. CODE § 34-11-2-4; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). But federal law determines when a claim accrues, and

there is no single accrual rule for all § 1983 claims. *Wallace*, 549 U.S. at 388. Here, Sanders's potential claims accrued at different times.

The district court correctly determined that any Eighth Amendment claims related to Sanders's medical care or his conditions of confinement at the DuComb Center accrued no later than the date on which he left the center. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019) (denial of medical care); *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (prison conditions). Sanders alleged that he was held at the center from September 19 until September 26, 2016, during which time he was denied medication and held in a cold, small cell. Because he was aware of his injuries and their causes when he left the center, but did not file his suit until February 2019, more than two years later, any Eighth Amendment claims about his treatment in the center are untimely. *See Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 669 (7th Cir. 2018) ("[O]nce the wrong ends, the claim accrues even if that wrong has caused a lingering injury."), *cert. denied sub nom. City of Joliet, Ill. v. Manuel*, 139 S. Ct. 2777 (2019).

But the district court erred when it concluded that Sanders's claim of unlawful detention—which is how we understand his "false imprisonment"[1] claim—also accrued on September 26, 2016. The court thought that Sanders sought relief only for occurrences at the DuComb Center. But Sanders did not allege that his confinement ended upon his release from the center; he said that he was transferred to county jail. And we see no basis for inferring that Sanders believed that portion of his detention to be legitimate; in his complaint, he characterized it as "false imprisonment." Under the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), Sanders could not have used § 1983 to contest his custody while it was ongoing. So his claim of unlawful detention accrued, at the earliest, when he was released from jail.[2] *See Manuel*, 903 F.3d at 670; *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

---

[1] If he meant to challenge the legitimacy of his initial seizure, any claim related to his arrest that does not implicate the ensuing custody expired two years after the arrest. *Manuel*, 903 F.3d at 669.

[2] If, however, a conclusion that Sanders's confinement was unconstitutional would imply the invalidity of an ongoing criminal proceeding or a prior criminal conviction, then *Heck* would continue to bar Sanders's claim after his release and until either those proceedings terminated in his favor or the conviction was vacated. *See McDonough v. Smith*, 139 S. Ct. 2149 (2019); *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir.

It's not clear, however, when exactly Sanders was released. His complaint alleges that he was held in jail for "five months" after his transfer from the DuComb Center. If we take this allegation literally, then he was released on February 26, 2017, and missed the filing deadline by two days when he filed on February 28, 2019. But Sanders does not specify a precise date, and we hesitate to assume that he meant *exactly* five months. The most plausible conclusion is that Sanders used the phrase "five months" as a rough estimate.

The lack of clarity in Sanders's complaint regarding the date of his release does not warrant dismissal. A plaintiff is not required to plead around potential affirmative defenses, such as the statute of limitations, and so Rule 12(b)(6) is generally not the appropriate vehicle for raising untimeliness. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Dismissal *may* be appropriate on a motion to dismiss when, as was true with Sanders's medical-treatment claims, the complaint itself sets out all the elements of the defense. *See id.*; *Tobey*, 890 F.3d at 645. But when it is not clear from the face of the complaint that an affirmative defense applies, the burden is on the defendant to plead and prove it. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).

Despite the district court's error, we nevertheless affirm. We may affirm on any basis apparent in the record, *see Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019), and here, even Sanders's potentially timely claim fails for a different reason—he sued the wrong defendant. Although Sanders named the county as the sole defendant, he complains only about the conduct of unnamed, individual state actors. As a general rule, only someone personally involved in a constitutional violation can be held liable under § 1983. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). Even if we assume that the people who allegedly wronged Sanders were county employees— something that is far from clear—the county cannot be held liable for their actions simply as their employer. *See Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 832 (7th Cir. 2019). The county can be held liable only if their conduct was the result of an express or unofficial policy of the county or the product of a decision by a policymaker. *See Monell*, 436 U.S. at 690–91. The complaint does not hint at any such policy, so he failed to state a claim.

When a complaint fails to state claim, the plaintiff ordinarily should be given at least one opportunity to amend it, unless amending would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Runnion ex rel. Runnion v. Girl Scouts of Greater*

---

2020). But Sanders's complaint gives us no information about any criminal proceedings or conviction.

*Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015). In this case, however, we need not remand so that Sanders can be afforded that chance. The only constitutional claim that could possibly be timely is for unlawful detention, and, as we have stated, only the individuals responsible could be liable on the facts alleged. Setting aside whether Sanders could timely sue any individual defendant, he has never suggested any interest in doing so, including in this appeal, even though he was asked in the district court to name the individuals who harmed him. R. 18, Memorandum of Law in Support of Motion for More Definite Statement, at 2.

AFFIRMED