In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 21-2528

SHELLIE LEWIS,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF ALSIP, ILLINOIS,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21 C 2124 — **Ronald A. Guzmán,** *Judge.*

———————————

ARGUED JANUARY 12, 2022 — DECIDED JANUARY 19, 2022

———————————

Before FLAUM, EASTERBROOK, and WOOD, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Shellie Lewis left her car parked on a public street in the Village of Alsip during a snowstorm. She was fined $50 for violating an ordinance that prohibits parking on any street if more than three inches of snow has fallen in the preceding day. The ordinance bans parking on any "primary snow route" if more than one inch has fallen within 12 hours and requires all primary snow routes to be identified by signs; the three-inch limit applies to

secondary snow routes, which the ordinance defines as "all other public streets not designated as primary snow routes." Alsip Code §19-91(b). The street where Lewis had parked was not posted as a primary snow route and therefore was a secondary snow route.

Lewis could have obtained review of the fine in state court, and she would have had reasonable chances under 625 ILCS §5/11-208(a)(13), (b), which require municipalities to post signs notifying drivers which streets they must avoid during "snow removal operation[s]". But instead of seeking a remedy under state law, Lewis filed this suit in federal court under 42 U.S.C. §1983. She contended that the Village violated the Due Process Clause of the Fourteenth Amendment by failing to erect signs on every block of every street telling drivers when snow requires them to remove their vehicles. That contention flopped in the district court, which dismissed the complaint as legally deficient. 2021 U.S. Dist. LEXIS 139667 (N.D. Ill. July 27, 2021).

The district judge was right. The Due Process Clause requires governmental bodies to make laws available to the public, not to ensure that everyone knows all rules. "Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982). The maxim that ignorance of the law is no excuse sums up this perspective. People must learn about their legal obligations, and failure to do so does not provide a defense to a law's enforcement. Some statutes require prosecutors to show that a person knows about the rule, see, e.g., *Cheek v. United States*, 498 U.S. 192 (1991), but

that is a legislative exception to *Texaco*'s norm, not a constitutional command.

Lewis asserts that traffic regulations are a special situation as a constitutional matter, but at oral argument her lawyer conceded that he had not found any appellate decision supporting that proposition. We haven't found one either—but it is easy to find decisions holding that traffic laws are *not* exceptional. One example is *Cochran v. Illinois State Toll Highway Authority*, 828 F.3d 597 (7th Cir. 2016). A driver fined for failure to pay tolls contended that the Due Process Clause requires all pertinent rules to appear on roadside signs. We rejected that contention, writing: "Due process does not require a state to post signage notifying all those entering of its laws and regulations. Rather, the statute or regulation is adequate notice in and of itself as long as it is clear." *Id*. at 600.

Counsel allowed as much at oral argument in response to the question whether a village would violate the Constitution by enacting an ordinance setting the speed limit at 30 miles per hour unless otherwise posted, or providing that cars may not park within 10 feet of a corner or more than 12 inches from the curb. Drivers know that many traffic rules are not set out on signs but still must be obeyed. Lewis does complain that the application of the snow-route ordinance varies with the circumstances—that is, with how much snow has fallen recently—but she does not argue that a municipality must post daily snow-depth figures on every street or perhaps create electronic notice boards that keep running snowfall totals. A municipality can insist that drivers monitor the weather for themselves.

*Lambert v. California*, 355 U.S. 225 (1957), does not help Lewis. It concerns the application of an unusual local law to

someone who had no way to discover the rule and no reason even to inquire whether such a rule existed. Our case, by contrast, concerns the application of easily discovered rules, available on a village's website, to drivers who must recognize that ordinances affect where and when they can park. The Supreme Court has never applied the holding of *Lambert* to any case other than *Lambert* itself. A dispute about parking rules is not an apt occasion to extend a novel constitutional doctrine that the Justices have let lie fallow for 65 years.

AFFIRMED